**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DIAKONOS HOLDINGS LLC, Trustee on behalf of Coventry Green Trust, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC.; et al., <br><br> Defendants - Appellees. | No. 13-15470 <br><br> D.C. No. 2:12-cv-00949-KJD-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Submitted August 10, 2015[**]
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Appellant Diakonos Holdings LLC ("Diakonos") appeals the dismissal of its

suit to quiet title on a property located at 2704 Coventry Green Avenue in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Henderson, Nevada. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.[1]

The district court dismissed Diakonos' suit based on its determination that a homeowner's association ("HOA") foreclosure based on a super-priority lien under Nevada law does not extinguish a first security deed of trust. However, the Nevada Supreme Court has since held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in that property. Accordingly, the district court's dismissal, to the extent it was based on a contrary interpretation of the Nevada HOA super-priority statutory scheme, was erroneous. *See, e.g.*, *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985) (federal courts "are bound to follow the decisions of a state's highest court in interpreting that state's law") (citation omitted).

---

[1] Appellees' unopposed Motion for Judicial Notice filed April 21, 2014 is GRANTED. The parties' Joint Motion for an Order Remanding This Case filed February 12, 2015 is DENIED AS MOOT.

We accordingly REVERSE the district court's dismissal and REMAND for further proceedings. This remand is without prejudice to any constitutional arguments the parties may make below, which the district court may address in the first instance. We note that the State of Nevada or the Federal Housing Finance Agency may wish to intervene in the proceedings below, in light of the possible constitutional issues that the district court may address on remand.

**REVERSED AND REMANDED.**